## HARDIN COUNTY, Appellant,

v.

## FRANKLIN COUNTY, Appellee.

### No. 91–1757.

Supreme Court of Iowa.

Nov. 25, 1992.

James L. Beres, Hardin County Atty., for appellant.

James M. Drew, Franklin County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

This is an action to determine which county, Hardin or Franklin, is the "legal settlement" of a public assistance recipient, R.N., a "poor person" under Iowa Code section 252.1 (1991). The court determined that Hardin County was his legal settlement, and it appealed. We affirm.

In November 1969, R.N. was adjudged to be a child in need of assistance, and the parental rights of his mother (but not of his father) were terminated at that time. Legal custody was transferred to the Hardin County Department of Human Services. At that time, it is undisputed that the legal settlement of both parents was in Hardin County. R.N.'s care was paid for by the state until he reached age twenty-one, when his care provider notified Hardin County that the county would thereafter be responsible.

The Hardin County Auditor immediately served notice on the Franklin County Auditor that legal settlement was in Franklin County and that Franklin County would be liable for his care. *See* Iowa Code § 252.-22. The Franklin County Auditor disagreed, responding that Hardin County was

the county of settlement. This action followed. *See* Iowa Code § 252.23 (If settlement is disputed, copies of notices shall be filed in the office of the district court clerk and a cause docketed and tried as an ordinary action to determine settlement.).

Under Iowa Code section 252.16 (1991), "[a] legal settlement" for purposes of support may be acquired as follows:

. . . .

4. . . . .

A minor, placed in the care of a public agency or facility as custodian or guardian, takes the legal settlement that the parents had upon *severance* of the parental relationship, and retains that legal settlement until a natural person is appointed custodian or guardian at which time the minor takes the legal settlement of the natural person or until the minor person attains the age of eighteen and acquires another legal settlement in the person's own right.

(Emphasis added.)

The sole issue is whether the transfer of legal custody to the state in 1969, when both parents were residents of Hardin County, determined the issue of legal settlement. Hardin County says no; "severance" under section 252.16(4) did not occur until the parental rights of the father were terminated in 1981. At that time, the father was a resident of Franklin County. (The mother's rights had been terminated in 1969.)

Hardin County argues that, because R.N.'s father was a resident of Franklin County at the time of the termination of the father's parental rights in 1981, R.N.'s legal settlement was Franklin County. This is so because the statute provides that such person "takes the legal settlement that the parents had upon *severance* of the parental relationship." (Emphasis added.) Under the wording of section 252.16(4), that legal settlement is retained until (1) a natural person is appointed custodian or (2) the person attains the age of eighteen and acquires another legal settlement in the person's own right.

It is clear that neither of these conditions occurred; however, Hardin County argues that, because the father's parental rights were not severed until 1981, it is the county of his legal settlement at that time that becomes R.N.'s legal settlement. Franklin County responds that "severance" under section 252.16(4) is not the same as "termination" and supports that argument by pointing to Iowa Code section 600A.2(4), which defines termination as "a complete severance *and extinguishment*" of a parent-child relationship. By the use of both of the words "severance" and "extinguishment," it argues, it is clear that the words were not intended to be synonymous. Specifically, Franklin County argues that a "severance" for purposes of applying Iowa Code section 252.16(4) occurs on transfer of custody, in this case in 1969, and not on termination of parental rights. In 1969, the legal settlement of both parents was Hardin County.

We agree that severance and termination are not synonymous. Severance of the relationship by transfer of the child does not permanently deprive a parent of parental rights. As Franklin County points out, custody and guardianship are routinely granted in juvenile cases without termination of parental rights. We agree with the district court that legal settlement, which is determined as of the time of the "severance" of the relationship, refers to severance of custody, not termination of parental rights. In this case, the county of legal settlement at the time of this transfer of custody was Hardin County. We therefore affirm.

AFFIRMED.